UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SHERMAN RAINES, | ) |
| Plaintiff, | ) |
| vs. | ) No. 4:05-CV-930 CEJ |
| JOHN E. POTTER, POSTMASTER GENERAL, et al., | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

Plaintiff brings this action against his former employer, asserting claims of discrimination in violation of Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000e, *et seq.* and the Americans With Disabilities Act (ADA), 42 U.S.C. § 12101, *et seq*. The matter is before the Court on defendant's motion to dismiss or, in the alternative, for summary judgment. Plaintiff has not filed a response, and the time allowed for doing so has expired.

**I. Background**

Plaintiff was employed by the United States Postal Service as a mail carrier from May 1, 1982 until the effective date of his disability retirement on October 23, 2001. On February 10, 1998, plaintiff injured his ankle while on the job, and on March 23, 1999, plaintiff injured his knee. For these and for other injuries, plaintiff filed job-related injury claims. After stumbling and re-injuring his knee and ankle in 2001, he filed a

CA-2A form, Notice of Recurrence of Disability, for both injuries. In April and May of 2001, plaintiff submitted CA-7 (Claim for Compensation) forms and CA-7A (Time Analysis) forms to the Postal Service's Injury Compensation office. In the instant action, plaintiff complains about the actions of individual employees in the Human Resources and Injury Compensation units, some of whom were responsible for processing plaintiff's claims and sending them to the Office of Worker's Compensation Programs (OWCP).

After submitting several claims to the Injury Compensation unit, plaintiff realized that he had made errors on some of the forms, and requested that they be returned to him. Postal Service employee Delores Williams responded to plaintiff's request and returned the forms to him by certified mail. Plaintiff resubmitted the forms, but alleges that the postal employees did not submit them to OWCP in the proper manner and that they did not timely answer his questions regarding the status of his claims. Plaintiff does not allege that the processing resulted in any loss of benefits to which he was entitled. However, he alleges that the actions of the Human Resources and Injury Compensation Unit employees constituted unlawful discrimination based on plaintiff's race, gender, disability, and his prior EEO activity.[1] Plaintiff filed a charge of discrimination with the Equal Employment

---

[1] Plaintiff initially sued the individual employees of those departments, but the individual defendants and the United States Postal Service were dismissed for lack of jurisdiction in a previous Order. See also Morgan v. U.S. Postal Service, 798 F.2d 1162 (8th Cir. 1986).

Opportunity Commission on July 28, 2001, and was issued a right to sue letter on May 25, 2005.

## II. Standard for Motion to Dismiss

Defendant moves to dismiss plaintiff's unexhausted claims under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction, under Fed. R. Civ. P. 12(b)(6) for failure to state a claim, and alternatively moves for summary judgment pursuant to Fed. R. Civ. P. 56.

Generally, if affidavits or other exhibits are filed in support of a pleading, the court should treat a motion to dismiss as one for summary judgment. Evans v. McDonnell Aircraft Corp., 395 F.2d 359, 361 (8th Cir. 1968). Although evidence external to the pleadings has been submitted by both parties and could be considered in ruling on the motion for summary judgment, the pleading need not be converted from a motion to dismiss if the court does not rely on the matters outside the pleadings. Casazza v. Kiser, 313 F.3d 414, 418 (8th Cir. 2002). The Court has not relied on the voluminous exhibits submitted by the plaintiff, and will treat the defendant's motion as a 12(b)(6) motion to dismiss.

The purpose of a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is to test the legal sufficiency of the complaint. A complaint is not to be dismissed for failure to state a claim for which relief can be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim entitling him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). The factual allegations of a complaint

are assumed true and construed in favor of the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). The issue is not whether plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of his claim. Id. Thus,

> [i]f as a matter of law "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations," . . . a claim must be dismissed, without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one.

Neitzke v. Williams, 490 U.S. 319, 327 (1989) (quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)).

### III. Discussion

Although the plaintiff states that his claim arises under the ADA, the Rehabilitation Act, 29 U.S.C. § 791, *et seq.*, is the exclusive remedy for federal employees alleging employment discrimination on the basis of disability. For the purposes of this case the substantive and procedural standards are the same under both statutes, and so plaintiff's claim will be construed as one brought under the Rehabilitation Act.

A plaintiff must exhaust available administrative remedies before a court may exercise jurisdiction over his Title VII or Rehabilitation Act claims. "In general, '[e]xhaustion of administrative remedies is central to Title VII's statutory scheme because it provides the EEOC the first opportunity to investigate discriminatory practices and enables it to perform its roles of obtaining voluntary compliance and promoting conciliatory efforts.'" Shannon v. Ford Motor Co., 72 F.3d 678, 684 (8th Cir.

1996), quoting Williams v. Little Rock Mun. Water Works, 21 F.3d 218, 222 (8th Cir. 1994). "An employee cannot bring a discrimination claim without first exhausting his or her administrative remedies." Briley v. Carlin, 172 F.3d 567, 571 (8th Cir. 1999). To the extent that the plaintiff's complaint could be construed to allege claims that were not contained in his EEO complaint, those claims must be dismissed. For example, plaintiff states that "from May 3, 2000 through Oct. 23, 2001 [he] was denied working opportunities equal to those of his co-workers" who were also on light and limited duty. Second Am. Compl. ¶ 23. This claim is unrelated to the people and incidents he described in his EEO complaint, and is therefore not exhausted.

For the most part, however, plaintiff has alleged the same causes of action here as he did in his EEO complaint, wherein he claimed discrimination on the basis of race, sex, retaliation for prior EEO activity, and mental and physical disability. In the administrative proceeding, the EEOC described plaintiff's complaints as follows: "1) on June 13, 2001, Complainant became aware that his CA-7 and CA-7A forms had not been processed by Injury Compensation, and 2) on June 18 and 22, 2001, Manager Goldsby would not respond to Complainant's inquiries about the status of his Form CA-7 and CA-7As." The EEO complaint is a matter of public record that a court may consider in the context of a motion to dismiss. Stahl v. U.S. Dept. of Agriculture, 327 F.3d 697, 700 (8th Cir. 2003). See also Deerbrook Pavilion, LLC v.

Shalala, 235 F.3d 1100, 1102 (8th Cir. 2000) ("On a motion to dismiss, a court must primarily consider the allegations contained in the complaint, although matters of public and administrative record may also be taken into account.").

**Title VII**

The first count of plaintiff's second amended complaint is brought under Title VII and charges discrimination "in the manners indicated in paragraph 26, 24 and paragraph 29 of this complaint." Second Am. Compl. ¶ 41. The referenced paragraphs contain allegations that employees of the Injury Compensation unit lied to plaintiff about when and whether his forms had been sent to OWCP. Plaintiff also claims that those employees lied in affidavits connected to his EEOC claim, and that those actions "are discriminatory with respect to gender and race." Second Am. Compl. ¶ 45.

"Although we view pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law." Martin v. Aubuchon, 623 F.2d 1282, 1285 (8th Cir. 1980). "[T]here is a difference between liberally reading a claim which lacks specificity. . . and inventing, *ex nihilo*, a claim which was simply not made." Shannon v. Ford Motor Co., 72 F.3d 678, 685 (8th Cir. 1996) (internal citation omitted).

To state a claim for discrimination on any basis under Title VII, a plaintiff need not state the elements of a prima facie case

under the standard set forth in McDonnell Douglas v. Green, 411 U.S. 792 (1973). Swierkiewicz v. Sorema N.A., 534 U.S. 506 (2002). However, plaintiff's complaint lacks the essential elements required under even the liberal notice pleading standard. Plaintiff fails to show that he was injured as a result of discrimination and therefore entitled to relief. See Breeden v. Enterprise Leasing Co., 1995 WL 781700 (E.D. Mo. Dec. 28, 1995) (dismissing complaint because it failed to "assert any facts concerning the alleged acts which constituted discrimination, the occasions on which the acts occurred, and the injury, if any, which plaintiff suffered as a result.").

**Rehabilitation Act**

Count II alleges discrimination on the basis of mental and physical disabilities. Plaintiff bases his disability discrimination claim on the same facts alleged in support of his Title VII charge. Additionally, plaintiff states that the defendant discriminated against him by refusing to accept notes or medical statements from his treating physician, and disregarded his medical restrictions and limitations. Plaintiff filed no EEOC charges related to these allegations, and so they are not properly before the Court.

As part of his disability claim, plaintiff requests compensation for the surgery he underwent on November 30, 1999. To the extent that plaintiff's complaint can be construed as a challenge to the OWCP determination of benefits, this Court lacks

jurisdiction over that challenge. See 5 U.S.C. § 8128(b) ("The action of the Secretary [of Labor] or his designee in allowing or denying a payment under this subchapter is (1) final and conclusive for all purposes and with respect to all questions of law and fact; and (2) not subject to review . . . by a court. . . ."); Brumley v. United States Dept. of Labor, 28 F.3d 746 (8th Cir. 1994).

Plaintiff's Rehabilitation Act claim fails for the same reasons as his claim for discrimination on the basis of race and gender: plaintiff has not identified any ways in which the defendant discriminated against him, or any way in which he was harmed by the defendant's actions.

### **Retaliation**

Count III of the complaint alleges discrimination based on plaintiff's prior participation in EEOC proceedings. Plaintiff states that after the filing of his complaint with the EEOC, he was harassed as described in paragraph twenty-four of this complaint. Paragraph twenty-four merely states that plaintiff submitted his CA-7 and CA-7A forms to the Injury Compensation Unit. Reading the complaint liberally, the Court finds no other actions described by plaintiff which might be possible instances of retaliation for EEO activity, and concludes that the plaintiff has likewise failed to state a claim for relief in the third count of his complaint.

Plaintiff has been given multiple opportunities to amend his complaint in order to clarify his allegations and state a claim.

Despite these amendments, plaintiff has failed to state a claim against the defendant upon which relief can be granted.

Accordingly,

**IT IS HEREBY ORDERED** that the defendant's motion [#57] to dismiss is **granted**.

A separate order of dismissal in accordance with this memorandum and order will be entered this same date.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 25th day of April, 2006.